# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned November 21, 2011

## URSHAWN ERIC MILLER v. TENNESSEE DEPARTMENT OF CORRECTION ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 11145-II      Carol L. McCoy, Chancellor**

---

**No. M2011-01887-COA-R3-CV - Filed November 21, 2011**

---

This is an appeal from an order entered by the Chancery Court for Davidson County transferring an inmate's Petition for Writ of Certiorari to the Chancery Court for Morgan County. Because the order appealed does not resolve the claims raised in the petition but merely transfers those claims to another court, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., and RICHARD H. DINKINS, J.

Urshawn Eric Miller, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Mark Alexis Hudson, Senior Counsel, for the appellees, State of Tennessee, Department of Correction; Warden David Osborne, Morgan County Correctional Complex; and Gayle Ray, Commissioner of Tennessee Department of Correction.

**MEMORANDUM OPINION**[1]

Urshawn Eric Miller, an inmate in the custody of the Department of Correction, filed a Petition for Writ of Certiorari in the Chancery Court for Davidson County seeking review

---

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

of certain disciplinary actions taken by the Department. When the Department did not file an answer, Mr. Miller filed a motion for a default judgment. The Department subsequently filed a motion to transfer the case to Morgan County pursuant to Tenn. Code Ann. § 16-1-116, on the ground Mr. Miller's correctional facility is located in Morgan County and venue thus lies in Morgan County pursuant to Tenn. Code Ann. § 41-21-803. On July 5, 2011, trial court denied Mr. Miller's motion for a default judgment, determined that venue lies in Morgan County rather than Davidson County, and transferred the case to the Chancery Court for Morgan County for disposition. Mr. Miller filed his notice of appeal on July 26, 2011.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The denial of Mr. Miller's motion for a default judgment does not dispose of any of the claims raised in Mr. Miller's petition. Likewise, the transfer of the case to Morgan County does not resolve any of claims raised in the petition but merely transfers those claims to another court. All the claims raised in Mr. Miller's petition are still pending before the Chancery Court for Morgan County. Accordingly, the July 5, 2011 order is not a final judgment and is not subject to an appeal as of right.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The costs of the appeal are taxed to Urshawn Eric Miller for which execution may issue.

PER CURIAM

-2-